SHOUP, Appellee,

v.

HOLMAN, Appellant.

[Cite as *Shoup v. Holman* (1991), 81 Ohio App.3d 127.]

Court of Appeals of Ohio,
Summit County.

No. 15077.

Decided Sept. 18, 1991.

*James L. Wagner,* for appellee.

*David C. Jack,* for appellant.

*Per Curiam.*

On August 11, 1983, the appellee, John E. Shoup, filed a personal injury action alleging assault against the appellant, Ricky Holman. The complaint was served by certified mail.

On November 7, 1983, Shoup filed a motion for default judgment based upon Holman's failure to file a responsive pleading. The motion for default judgment did not contain a proof of service. The trial court dismissed the cause without prejudice on March 1, 1984, after being informed that an

agreement had been reached between the parties. On May 22, 1984, Shoup filed a motion to vacate the dismissal as the agreement between the parties had fallen through. This motion contained a proof of service indicating that the motion had been sent to an attorney for Holman. The record reflects that the subject attorney never made an appearance on Holman's behalf. On November 6, 1984, the trial court granted Shoup's motion to vacate and entered a default judgment in his favor.

In early 1988, garnishment proceedings were commenced against Holman, and as a result funds were withdrawn from Holman's pay. On May 7, 1990, Holman filed a motion to vacate judgment, contending that he did not have notice of the motions for default judgment and to vacate judgment. The trial court denied Holman's motion, holding that the delay in filing the motion was unreasonable.

Holman appeals, asserting one assignment of error.

## Assignment of Error

"The trial court erred in overruling defendant-appellant's motion to vacate judgment after the case had been improperly reinstated and judgment rendered against the defendant-appellant."

A review of the record discloses that the appellant's motion to vacate asserted that the trial court was without jurisdiction to vacate the dismissal and enter default judgment. The motion made no mention of Civ.R. 60(B), nor did it provide authority for the proposition that the court was without jurisdiction to grant the appellee's motion to vacate and enter default judgment.

■ As the motion addressed the trial court's jurisdiction rather than request relief under Civ.R. 60(B), the trial court erred in relying upon the timeliness requirement of Civ.R. 60(B). This fact, however, is not dispositive of the issues in the case at bar, as a trial court has the inherent power to vacate a dismissal and reinstate a cause to the trial court's docket. See *Horman v. Veverka* (1987), 30 Ohio St.3d 41, 42–43, 30 OBR 83, 84, 506 N.E.2d 218, 219–220.

■ As the trial court had the inherent power to vacate the dismissal in 1984, there is no basis for concluding that the default judgment was rendered without jurisdiction, and it was therefore not error for the trial court to deny the appellant's jurisdictional motion.

Accordingly, the assignment of error is without merit and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., COOK and CACIOPPO, JJ., concur.

CACIOPPO, Judge, concurring.

Holman contends that his motion should have been granted as he did not receive notice of Shoup's motion for default judgment or motion to vacate.

From the express language of Civ.R. 55(A), it does not appear that Holman was entitled to notice of the motion for default judgment. Civ.R. 55(A) provides in part:

" * * * If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application * * *."

There is nothing in the record to indicate that Holman or a representative ever made an appearance. As Holman was properly served with the complaint and did not enter a proper appearance, he was not entitled to notice of the default proceedings. *Sexton v. Sugar Creek Packing Co.* (1974), 37 Ohio St.2d 58, 59, 66 O.O.2d 161, 162, 307 N.E.2d 541, 542.

Holman further contends that his motion to vacate should have been granted based upon Shoup's failure to serve a copy of his motion to vacate upon him. Civ.R. 5(A) provides in part:

" * * * No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them * * *."

In the cause at bar, Holman was clearly in default for failure to appear. Furthermore, the motion to vacate did not assert new or additional claims. Thus, under Civ.R. 5(A), Holman was not entitled to notice.

Assuming *arguendo* that Holman was entitled to notice of the motions, this would not necessarily mandate the granting of his motion. To prevail on a motion to vacate brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim if the requested relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

Holman's motion, while not specifying Civ.R. 60(B) or the section of Civ.R. 60(B) under which he seeks relief, appears to attempt to qualify under the "catchall" provision of Civ.R. 60(B)(5), which provides that a court may vacate a judgment for "any other reason justifying relief from the judgment." If Holman were able to establish a meritorious defense and an entitlement to relief under Civ.R. 60(B), he would still be unable to overcome the reasonable time-period requirement. Holman's motion to vacate was filed nearly six years after judgment and over two years after garnishment proceedings were commenced. Based upon these delays, I do not believe that it was an abuse of discretion for the trial court to hold that the motion was not filed within a reasonable time and to deny the motion to vacate. It is well established that the "other reason" clause of Civ.R. 60(B) will not protect a party who ignores its duty to take legal steps to protect its interest. *Mount Olive Baptist Church v. Pipkins Paints* (1979), 64 Ohio App.2d 285, 288, 18 O.O.3d 319, 321, 413 N.E.2d 850, 853.