[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 408.]

THE STATE EX REL. ROGERS, APPELLANT, *v.* MCGEE BROWN, JUDGE, APPELLEE.

[Cite as *State ex rel. Rogers v. McGee Brown*, 1997-Ohio-334.]

*Prohibition action not rendered moot when trial court exercises its jurisdiction by journalizing its judgment entry before the court of appeals acts on the requested writ.*

(No. 97-547—Submitted September 23, 1997—Decided December 10, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD12-1628.

———————————

{¶ 1} In September 1996, appellee, Judge Yvette McGee Brown of the Franklin County Court of Common Pleas, Domestic Relations Division, entered a final divorce decree in a case involving appellant, James A. Rogers, and Susan R. Rogers. The divorce decree included a division and disposition of the Rogerses' property. Both parties appealed the divorce decree to the Court of Appeals for Franklin County, and the appeal was assigned case No. 96APF10-1333.

{¶ 2} In October 1996, Susan R. Rogers filed a postdecree motion with the trial court for interest under R.C. 1343.03 on her share of marital assets awarded by Judge McGee Brown in the divorce decree. In November 1996, Judge McGee Brown held a hearing on the motion at which she rejected appellant's argument that the trial court lacked jurisdiction to rule on the motion and determined that Susan R. Rogers was entitled to interest on her property division award.

{¶ 3} Appellant then filed a complaint in the Court of Appeals for Franklin County for a writ of prohibition to prevent Judge McGee Brown from exercising jurisdiction on Susan R. Rogers's postdecree motion for interest and to vacate any entry by Judge McGee Brown on the motion. In December 1996, Judge McGee Brown entered a judgment granting Susan R. Rogers's motion for interest. After

the parties filed motions for summary judgment in the prohibition action, the court of appeals denied the writ by holding:

"Given that on December 23, 1996, respondent [Judge McGee] Brown journalized the entry from the motion and subsequent hearing held on November 27, 1996, there exists no justiciable controversy over which this court can prohibit the trial court from exercising jurisdiction. Accordingly, the entire action is rendered moot. Relator's motion for a partial stay is denied. The parties' motions for summary judgment are denied, and relator's motion for a writ of prohibition is denied. The issues concerning the award of interest raised in relator's complaint shall be addressed on the appeal in case No. 96APF10-1333."

{¶ 4} The cause is now before this court upon an appeal as of right.

_____

*Bradley Frick*, for appellant.

*Ron O'Brien*, Franklin County Prosecuting Attorney, *Michael C. McPhillips* and *Harland H. Hale*, Assistant Prosecuting Attorneys, for appellee.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 5} Appellant asserts in his sole proposition of law that a prohibition action is not rendered moot when a trial court exercises its jurisdiction by journalizing its judgment entry before the court of appeals acts on the requested writ. The court of appeals held that Judge McGee Brown's journalization of an entry granting a postdecree motion for interest rendered moot appellant's complaint for a writ of prohibition because the action sought to be prevented had occurred. We disagree with this determination.

{¶ 6} As Judge McGee Brown concedes, the court of appeals erred in so holding. In rejecting a similar contention that a writ of prohibition will not issue where the respondent judge already exercised the judicial act sought to be prevented, we held that "where an inferior court patently and unambiguously lacks

2

jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*." (Emphasis *sic*.) *State ex rel. Litty v. Leskovyansky* (1996), 77 Ohio St.3d 97, 98, 671 N.E.2d 236, 238. Appeal is immaterial where the court patently and unambiguously lacks jurisdiction to act. *State ex rel. Willacy v. Smith* (1997), 78 Ohio St.3d 47, 51, 676 N.E.2d 109, 113. Appellant's prohibition complaint specifically alleged that Judge McGee Brown patently and unambiguously lacked jurisdiction and requested the vacation of any journalized entry on the motion for interest. Accordingly, the court of appeals erred in holding that the prohibition action was moot because of the trial court's entry awarding interest.

{¶ 7} Nevertheless, Judge McGee Brown contends that the judgment of the court of appeals denying the writ should be affirmed because by stating that the issues concerning interest would be addressed in the pending appeal from the divorce decree, the court of appeals "found that [Judge McGee Brown] had jurisdiction to determine the jurisdictional issue * * * and that Appellant had an adequate remedy at law through appealing the trial court's exercise of jurisdiction." Judge McGee Brown further asserts that the court of appeals thus implicitly found that she did not patently and unambiguously lack jurisdiction.

{¶ 8} Judge McGee Brown's contentions, however, are meritless. A review of the court of appeals' entry manifestly indicates that it did not rule on the merits of appellant's prohibition action and that it never determined whether appeal constituted an adequate remedy at law. The court of appeals instead based its denial of the writ of prohibition solely, and erroneously, on mootness. If it had not, it would not have overruled both parties' motions for summary judgment. In addition, while we possess plenary authority in extraordinary actions that vests us with discretion to consider an appeal as of right as if it had been originally filed in this court, we will not exercise that authority here, since neither party requests it,

the parties have not fully briefed the merits in this appeal, and the court of appeals should have the opportunity to consider the merits of the prohibition action, which it failed to address because of its erroneous ruling on mootness. Cf. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 163, 656 N.E.2d 1288, 1293 ("Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand for further proceedings.").

**{¶ 9}** Based on the foregoing, we sustain appellant's sole proposition of law, reverse the judgment of the court of appeals, and remand the cause to the court of appeals for further proceedings.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., RESNICK, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

––––––––––––––––––