[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 393.]

**MCAULEY, APPELLANT, *v.* SMITH, JUDGE, APPELLEE, ET AL.**

**[Cite as *McAuley v. Smith*, 1998-Ohio-402.]**

*Prohibition—Writ prohibiting judge from conducting further proceedings on a December 31, 1996 judgment in a divorce proceeding—Court of appeals errs in sua sponte dismissing the complaint, when.*

(No. 97-1341—Submitted May 26, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Mahoning County, No. 97 C.A. 73.

———————————

{¶ 1} In 1975, appellant, Joseph L. McAuley ("McAuley") married Denise M. McAuley ("Denise"). They had two children. In 1994, Denise filed a complaint for divorce in the Mahoning County Court of Common Pleas. Several hearings followed. In September 1996, Mahoning County Court of Common Pleas Judge John J. Leskovyansky entered a judgment dismissing the case because of "insufficient evidence to grant a divorce." In October 1996, Denise appealed the dismissal.

{¶ 2} On December 31, 1996, Denise filed a motion for reconsideration, requesting Judge Leskovyansky to reinstate the divorce case. On the same date, Judge Leskovyansky, without expressly indicating whether he was granting Denise's motion, entered a judgment granting a divorce, designating McAuley as the residential parent of the parties' minor child,[1] ordering Denise to pay $169.97 per month in child support, and ordering McAuley to pay $500 per month in spousal support. Judge Leskovyansky further ordered that the child and spousal support be deducted from the McAuleys' wages pursuant to R.C. 3113.21. At the time Judge Leskovyansky entered this judgment, Denise's appeal from his September 1996

———————————

1. The McAuleys' other child was emancipated at the time of the divorce.

dismissal was still pending in the court of appeals, although Denise had failed to file a timely appellate brief. McAuley appealed Judge Leskovyansky's December 1996 divorce judgment. That appeal remains pending.

{¶ 3} In March 1997, McAuley filed a complaint in the Mahoning County Court of Appeals for a writ of prohibition (1) to prevent Judge Leskovyansky's successor, appellee Mahoning County Common Pleas Court Judge Beth A. Smith, from conducting further proceedings on the December 31, 1996 judgment, (2) to order Judge Smith to vacate the December 31, 1996 judgment, (3) to prevent appellee Mahoning County Child Support Enforcement Agency ("MCCSEA") from collecting support payments from McAuley's employer or disbursing any money collected to Denise, and (4) to order MCCSEA to return any undisbursed support money to McAuley. McAuley claimed in both his prohibition action and his appeal from the divorce judgment that Judge Leskovyansky lacked jurisdiction to reconsider and reinstate the divorce case.

{¶ 4} In May 1997, the court of appeals, in a split decision, *sua sponte* dismissed the complaint. The court of appeals concluded that McAuley's pending appeal provided an adequate remedy in the ordinary course of law, and that McAuley failed to sufficiently allege that Judge Smith was about to act in a manner beyond judicial authority.

{¶ 5} The cause is now before the court upon an appeal as of right.

————————————

*Hermann, Cahn & Schneider* and *James S. Cahn*, for appellant.

*Iris Torres Guglucello*, Mahoning County Assistant Prosecuting Attorney, for appellees.

————————————

*Per Curiam.*

{¶ 6} In his propositions of law, McAuley asserts that the court of appeals erred in *sua sponte* dismissing his complaint for a writ of prohibition. *Sua sponte*

dismissal without notice is appropriate only if the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 161, 656 N.E.2d 1288, 1292. The court of appeals here did not give the parties prior notice of its intention to dismiss and the opportunity to respond. Therefore, we must determine whether McAuley's claims are frivolous or obviously meritless.

**{¶ 7}** In order to be entitled to a writ of prohibition, McAuley must establish that (1) Judge Smith and MCCSEA are about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to McAuley for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

**{¶ 8}** After considering McAuley's claim against Judge Smith, the court of appeals erroneously dismissed the claim. For the following reasons, McAuley's complaint alleges a set of facts consistent with the requested relief in prohibition, *i.e.*, Judge Smith's predecessor, Judge Leskovyansky, may have patently and unambiguously lacked jurisdiction to reinstate and decide the divorce case.

**{¶ 9}** First, Judge Leskovyansky previously unconditionally dismissed the divorce case based upon a failure of proof. See *State ex rel. Rice v. McGrath* (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101, where we issued a writ of prohibition to prevent a trial court judge from proceeding in a matter because he patently and unambiguously lacked jurisdiction to proceed in the case after he unconditionally dismissed it.

**{¶ 10}** Second, Denise's appeal of the dismissal of the divorce action was still pending at the time that Judge Leskovyansky essentially vacated the dismissal and determined the divorce action. When an appeal is pending, the trial court is divested of jurisdiction except to take action in aid of the appeal. *Daloia v. Franciscan Health Sys. of Cent. Ohio, Inc.* (1997), 79 Ohio St.3d 98, 101-102, 679

N.E.2d 1084, 1088, fn. 5; *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107.

{¶ 11} Third, if Judge Leskovyansky vacated the dismissal based on Denise's reconsideration motion, his December 31, 1996 divorce judgment is a nullity. *State ex rel. Clark v. Lile* (1997), 80 Ohio St.3d 220, 685 N.E.2d 535, 536; *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715.

{¶ 12} Fourth, if we assume the veracity of the allegations of McAuley's complaint, the cases relied on by appellees do not appear applicable. Cf. *Logsdon v. Nichols* (1995), 72 Ohio St.3d 124, 647 N.E.2d 1361; *Horman v. Veverka* (1987), 30 Ohio St.3d 41, 30 OBR 83, 506 N.E.2d 218; *Shoup. v. Holman* (1991), 81 Ohio App.3d 127, 610 N.E.2d 502.

{¶ 13} Fifth, appellees erroneously rely on "facts" and documentary evidence that are not contained in the record on appeal. A reviewing court cannot add matter to the record that was not part of the trial court's proceedings and then decide the appeal based on the new matter. *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244.

{¶ 14} Finally, the reasons given by the court of appeals to dismiss the prohibition claim against Judge Smith, *i.e.*, adequate legal remedy and no facts that Judge Smith was about to exercise jurisdiction, do not automatically preclude the writ based on the alleged facts. In other words, if McAuley ultimately establishes that Judge Leskovyansky patently and unambiguously lacked jurisdiction to vacate the dismissal and enter judgment in the divorce action, the presence of an appeal would be immaterial. *State ex rel. Rogers v. McGee Brown* (1997), 80 Ohio St.3d 408, 410, 686 N.E.2d 1126, 1127-1128. In addition, prohibition would then lie to correct Judge Leskovyansky's action. *Id.*, 80 Ohio St.3d at 410, 686 N.E.2d at 1127. The writ could compel Judge Smith to vacate her predecessor's December 31, 1996 judgment in the divorce proceeding.

**{¶ 15}** Therefore, the court of appeals erroneously *sua sponte* dismissed McAuley's prohibition claim against Judge Smith.

**{¶ 16}** Nevertheless, it properly dismissed McAuley's prohibition claim against MCCSEA. MCCSEA does not exercise any judicial or quasi-judicial authority in collecting and disbursing court-ordered support. See, *e.g*., R.C. 2301.35. Prohibition will not issue to prevent a public entity from exercising ministerial authority. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 71, 647 N.E.2d 769, 771; *State ex rel. Governor v. Taft* (1994), 71 Ohio St.3d 1, 4, 640 N.E.2d 1136, 1138.

**{¶ 17}** Accordingly, we reverse the judgment of the court of appeals insofar as it dismissed McAuley's prohibition claim against Judge Smith and remand the cause for further proceedings. *Rogers*, 80 Ohio St.3d at 410-411, 686 N.E.2d at 1128, quoting *Fogle*, 74 Ohio St.3d at 163, 656 N.E.2d at 1293 (" 'Generally, reversal of a court of appeals' erroneous dismissal of a complaint based upon failure to state a claim upon which relief can be granted requires a remand for further proceedings.' "). We affirm the remainder of the court of appeals' judgment.

*Judgment affirmed in part,*

*reversed in part*

*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____