OPINION
The instant action in prohibition is presently before this court for consideration of the parties' cross motions for summary judgment, filed on February 25, 2000. After reviewing the parties' respective evidentiary materials and legal arguments, we conclude that relators, the Willoughby-Eastlake City School District and its superintendent, Dr. Keith Miller, have successfully demonstrated that respondent, the Lake County Court of Common Pleas, has acted beyond the scope of its jurisdiction. Thus, judgment will be entered in their favor on their entire petition.
The subject matter of this action concerns the propriety of a judgment entry issued in a civil case presently pending before respondent. The case in question was initially brought against relators in November 1998. During the first seven months in which the case was pending, no significant events took place except for the fact that the original attorney for the plaintiff, Marybeth Bevan, moved to withdraw. However, despite the lack of activity, the case was transferred to three different judges, including two visiting judges, during this same general time frame.
On June 10, 1999, the first visiting judge rendered a judgment entry granting the motion to withdraw. This entry further stated that a pretrial conference would be held on June 21, 1999, and that the case would be dismissed if Bevan, as the plaintiff in the matter, did not appear on that date.
Bevan did not attend the scheduled conference. Accordingly, consistent with the first judgment entry, a new visiting judge issued a second judgment entry dismissing the underlying case against respondents.
Ten days following the release of the dismissal entry, Bevan filed a pro se motion to "reconsider and vacate" that decision. As the basis for this motion, Bevan asserted that she had not received any notice of the scheduled conference because, interalia, her former attorney had failed to forward a copy of the first judgment entry to her.
Subsequent to the filing of her pro se motion, Bevan hired new counsel. On July 21, 1999, the new counsel filed in this Court a notice of appeal from the dismissal entry in the underlying case. During the pendency of that appeal, Bevan's new counsel never moved to remand the case for consideration of the pro se motion, notwithstanding the fact that the pro se motion had been pending for twenty days prior to the bringing of the appeal.
On July 27, 1999, the second visiting judge issued a third judgment entry granting the pro se motion to "reconsider" and ordering the reinstatement of the action upon the active trial docket. Consequently, on July 29, 1999, Bevan's new counsel submitted to this Court a motion to dismiss the appeal voluntarily. Consistent with this motion, we dismissed Bevan's appeal on August 9, 1999.
Soon thereafter, relators moved the second visiting judge to vacate his decision in the third judgment entry to reinstate the underlying case. As the primary basis for their motion, relators asserted that the trial judge had lacked the jurisdiction to reinstate the case while Bevan's appeal was still pending. After Bevan had submitted a response, the second visiting judge denied relators' motion to reconsider.
When it became evident that the underlying case would be going forward, relators initiated the instant action in prohibition. For their ultimate relief, relators essentially requested in their petition that respondent, upon whose behalf the second visiting judge had been acting, be required to strike the "reinstatement" judgment entry and allow the "dismissal" judgment entry to stand.
After respondent had answered the prohibition petition, the parties submitted their cross motions for summary judgment. As part of their respective evidentiary materials, both sides have attached to their motions authenticated copies of the various documents filed in both the underlying case and Bevan's short-lived appeal. Our review of these documents indicates that there are no true disputes concerning the material facts in this matter. Those facts were summarized in the foregoing statement of the case.
As the primary legal basis supporting their motion for summary judgment, relators contend that they are entitled to a writ of prohibition because respondent did not have the requisite jurisdiction to issue the reinstatement judgment entry. Specifically, they submit that the filing of the notice of appeal in regard to the dismissal judgment entry divested respondent of the authority to rule upon Bevan's pro se motion. Moreover, relators argue that, because respondent's lack of jurisdiction was readily apparent, the fact that the reinstatement judgment entry was appealable did not foreclose their right to bring the instant action.
In responding to relators' argument, respondent does not contest the assertion that, by the time the second visiting judge rendered the reinstatement judgment entry on July 27, 1999, jurisdiction over the matter had been transferred to this court. Nevertheless, respondent still maintains that a writ of prohibition should not be granted because such a decision would be inequitable. That is, respondent submits that the following facts support a decision in its favor: (1) part of the confusion in the underlying case stemmed from the fact that Bevan was representing herself; (2) the notice of appeal was merely filed to protect Bevan's rights; and (3) it would be a waste of judicial resources for this Court to declare the reinstatement judgment entry null and void.
As the party who is opposing the issuance of the writ in this action, respondent will be entitled to summary judgment only if it can demonstrate that relators cannot satisfy each element of a prohibition claim. These elements include: (1) that respondent, as a court of this state, is intending to exercise its judicial power in the near future; (2) that this exercise of power is not authorized under the law; and (3) that the denial of the writ will cause an injury for which there is no adequate legal remedy. Stateex rel. Keenan v. Calabrese (1994), 69 Ohio St.3d 176, 178.
In regard to the second and third elements of such a claim, the Supreme Court of Ohio has indicated that if a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper. See State ex rel. Enyart v. O'Neill (1995),71 Ohio St.3d 655, 657. This holding is predicated upon the fact that, even if the trial court is exceeding its power in performing a specific act, the relator has an adequate legal remedy because the decision to exercise jurisdiction can be fully reviewed in a direct appeal. Id. at 656.
However, the Supreme Court has also recognized an exception to this general rule. Pursuant to this exception, even if the trial court has general jurisdiction over the matter before it, its decision to exercise jurisdiction in a particular instance can be contested in a prohibition action when the lack of jurisdiction is patent and unambiguous. State ex rel. Tubbs Jones v. Suster
(1998), 84 Ohio St.3d 70, 74. Under such circumstances, a writ of prohibition will lie even when the trial court's decision is appealable; i.e., if the lack of jurisdiction is patent and unambiguous, the relator is no longer required to establish the lack of an adequate legal remedy. State ex rel. Rogers v. McGeeBrown (1997), 80 Ohio St.3d 408, 410. Moreover, under this exception, the issuance of the writ will not only act to stop the trial court from going forward in the underlying case, but will also act to undo the results of the trial court's prior acts.State ex rel. Litty v. Leskovyansky (1996), 77 Ohio St.3d 97, 98.
In applying the foregoing precedent to the facts of this action, this court would first note that it is undisputed that relators have satisfied the first element of their prohibition claim; i.e., the evidentiary materials readily show that respondent, through the second visiting judge, is attempting to exercise jurisdiction over the underlying case by granting Bevan'spro se motion. However, those evidentiary materials also indicate that relators cannot satisfy the third element of their claim. As will be further discussed later in this opinion, Bevan's pro se
motion essentially requested that she be granted relief from the dismissal judgment entry; therefore, the decision to grant that motion constituted a final appealable order. Bates Springer,Inc. v. Stallworth (1978), 56 Ohio App.2d 223, third paragraph of the syllabus. In turn, this meant that relators had an adequate legal remedy.
Accordingly, in order for relators to be entitled to the writ in the instant action, the evidentiary materials must establish facts indicating that respondent's lack of jurisdiction was patent and unambiguous. For the following reasons, we conclude that relators have carried that burden.
As was noted previously, relators' jurisdictional argument was predicated upon the factual assertion that the reinstatement judgment entry was issued while Bevan's appeal was pending in this court. Our review of the parties' evidentiary materials confirms this assertion. Copies of the various judgment entries establish that, although the judgment entry granting Bevan's pro se motion was rendered on July 27, 1999, this court did not dismiss the appeal until August 9, 1999.
As a general proposition, once an appeal has been taken from a judgment of a trial court, that court only retains the authority to take actions which are not inconsistent with the jurisdiction of the appellate court; in other words, the trial court is divested of all jurisdiction except to act in aid of the appeal.McAuley v. Smith (1998), 82 Ohio St.3d 393, 395; Yee v. Erie Cty.Sheriff's Dept. (1990), 51 Ohio St.3d 43, 44. In applying this general rule, the Supreme Court of Ohio has specifically held that the taking of an appeal deprives a trial court of the jurisdiction to rule upon a Civ.R. 60(B) motion for relief from judgment.Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 147. Although not expressly stated in the opinion, the holding in Howard is obviously based upon the fact that it is inconsistent with jurisdiction of the appellate court for the trial court to take an action which could render the merits of the appeal moot.
In the instant action, Bevan's pro se motion in the underlying case was captioned as one to "reconsider and vacate" the dismissal judgment entry. However, our review of the motion shows that it did not simply reargue the merits of the dismissal judgment entry; instead, Bevan attempted to provide an excuse for her failure to attend the pretrial conference. In addition, her excuse was based upon factual assertions which had not been before the second visiting judge when he rendered the decision to dismiss. Thus, without commenting upon the final merits of Bevan's motion, this court concludes that the motion raised a prima facie claim for relief from judgment based upon an allegation of a mistake, pursuant to Civ.R. 60(B)(1).
Given the true nature of Bevan's pro se motion, it follows that relators' basic legal argument is correct. That is, pursuant toHoward, respondent acted beyond the scope of its jurisdiction in granting the motion while the appeal from the dismissal judgment entry was pending.
Furthermore, we hold that, as a matter of law, this lack of jurisdiction was patent and unambiguous. As we interpret the relevant Supreme Court precedent, an absence of jurisdiction will not be considered "patent and unambiguous" when the jurisdictional determination turns upon the resolution of a factual dispute. For example, in Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, the prohibition claim was predicated in part upon the allegation that the defendants did not have sufficient contacts with this state to warrant the assertion of personal jurisdiction in the underlying case. As part of their argument before the Supreme Court in the prohibition action, the defendants admitted that there was conflicting evidence on the minimum contacts issue. In light of this, the Supreme Court held that the "lack" of personal jurisdiction in the underlying case was not patent and unambiguous because it was possible for the trial court to make findings under which the assumption of jurisdiction would be warranted.
In the instant action, the determination of respondent's jurisdiction does not turn upon the resolution of a factual dispute. In fact, it can be said that when an appeal has been taken from a final judgment, there exists no factual variations under which a trial court could possibly have jurisdiction to decide a Civ.R. 60(B) motion for relief from judgment. Under these circumstances, it follows that respondent's lack of jurisdiction was patent and unambiguous, and that relators do not have to establish the absence of an adequate legal remedy in order to be entitled to the writ.
While admitting that the Howard holding is controlling in this instance, respondent still contends that the equities of the situation support a judgment in its favor. As to this argument, this court concludes that, even if our decision in this matter could turn upon such considerations, the equities of the situation support the granting of the writ. First, in regard to respondent's contention that the status of the underlying case was confusing because Bevan was representing herself, we would readily agree that the timing of the submission of the various documents raises the inference that the second visiting judge was not aware of Bevan's appeal at the time he issued the reinstatement judgment entry. However, the evidentiary materials also indicate that when relators moved the second visiting judge to vacate the reinstatement judgment entry, they informed the judge that the appeal had been filed before the entry was released. Despite this, the judge did not vacate the reinstatement judgment entry.
In relation to respondent's assertion that Bevan's appeal was filed merely to protect her rights, this court would note this is the motivation for nearly all appeals which are filed while a motion for relief from judgment is pending before a trial court. If we were to hold that this motivation for the appeal could act as a justification for the trial court's exercise of jurisdiction, the Howard holding would essentially be rendered meaningless.
As an aside, we would further note that the Howard court recognized a mechanism by which a party could protect her rights through an appeal and still obtain a ruling on her Civ.R. 60(B) motion while the appeal the pending. The Howard court stated that the appellate court has the authority to confer jurisdiction to the trial court by remanding the case for consideration of the motion. In the instant case, Bevan's new counsel did not file a motion to remand in conjunction with the notice of appeal; if he had filed such a motion, some of the delay in resolving this matter could have been avoided. Despite this, we would again emphasize that, notwithstanding the failure of the new counsel to use the correct procedure, respondent and the second visiting judge could have resolved the situation by vacating the reinstatement judgment entry when the jurisdictional issue was properly raised in relators' motion.
Finally, as to respondent's "judicial economy" argument, this court would readily agree that our granting of a writ of prohibition will not stop respondent from reinstating the underlying case ultimately. Given that Bevan's appeal has been dismissed, there is no reason respondent cannot issue a new judgment entry reinstating the case after the old reinstatement judgment entry has been vacated. To this extent, it can be argued that although relators have won this particular battle, they may not win the entire "war."
Still, if we were to deny the writ on this basis, we would essentially be rewarding respondent for delaying the resolution of this matter when it was fully aware that it had lacked the jurisdiction to rule upon Bevan's pro se motion. Despite its admission in its summary judgment motion that the Howard holding is applicable to the instant situation, respondent has contested the merits of relators' prohibition claim fully and has allowed this action to run its complete course. Given these circumstances, equity does not call for the denial of the writ.
To be successful on a motion for summary judgment, the moving party must show: (1) that there are no genuine issues of fact remaining to be litigated; (2) that the nature of the evidence is such that, even when that evidence is interpreted in a manner most favorable to the nonmoving party, a reasonable person could only reach a conclusion in favor of the moving party; and (3) that the moving party is entitled to judgment as a matter of law. Mootispawv. Eckstein (1996), 76 Ohio St.3d 383, 385. Pursuant to the foregoing analysis, this court concludes that relators have satisfied this standard in regard to both elements of their prohibition claim. First, the evidentiary materials show that there is no dispute that respondent, through the second visiting judge, ruled upon Bevan's pro se motion while an appeal was pending. Second, these facts support the conclusion that, as a matter of law, respondent acted beyond the scope of its jurisdiction patently and unambiguously.
Accordingly, relators' motion for summary judgment is hereby granted. It is the order of this court that a writ of prohibition shall issue requiring respondent to vacate its judgment entry of July 27, 1999 in Lake C.P. No. 98 CV 001635.
 ___________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY
 _____________________ JUDGE ROBERT A. NADER
 ________________________ JUDGE WILLIAM M. O'NEILL