OPINION AND JOURNAL ENTRY
Relators Amu Anu, Inc., Arvind Patel and Bharati Patel filed a Petition for Writ of Prohibition on September 6, 2000 seeking an order to prohibit Respondent from exercising any further jurisdiction in Belmont County Common Pleas Case No. 00 CV 113.
On April 4, 2000, Respondent entered a confession of judgment against Relators by warrants of attorney on two promissory notes in the total amount of $1,998,095.31. On April 18, 2000, Relators filed a motion to vacate the cognovit judgment and, thereafter, on June 5, 2000 filed an Answer and Counterclaim asserting multiple claims for relief including fraud, breach of duty, breach of contract and estoppel. Subsequently, on July 7, 2000, Respondent overruled that part of Relators' motion based on the assertion that the cognovit provision failed to comply with R.C.2323.13. Further discovery was allowed on the balance of the motion to vacate. We further note that as part of the July 7, 2000 order, Respondent granted a stay of its judgment conditioned upon posting a bond in the amount of $150,000. On August 21, 2000, Respondent entered an Order in Foreclosure declaring that Relators' property should be sold in order to satisfy the cognovit judgment. Notice of Appeal was filed on August 31, 2000 from the foreclosure order assigned Belmont County Appeals Case No. 00 BA 32. Relators assert that the foreclosure order is premature as all the counterclaims have not yet been adjudicated.
It should be noted that on August 18, 2000, Respondent entered an additional order declaring that a Notice of Appeal filed by Relators directed to its prior order requiring a bond was interlocutory in nature and the court would retain jurisdiction unless otherwise instructed by the Court of Appeals. The foreclosure order was entered three days later.
In ruling on a motion for reconsideration of the court's decision to retain jurisdiction, Respondent stated on August 28, 2000:
 "Defendants are objecting to this court's ruling to proceed with a hearing on defendant's Civ.R. 60(B) motion. However, they are now taking the position that their own 60(B) motion cannot be decided by this court due to their unilateral decision to pursue an appeal of an order imposing bond, in accord with Civ.R. 62(A), which this court may impose in its discretion, and the imposition of which is not a final appealable order. * * * Defendants cannot have it both ways. Either this court's order is not a final appealable order or, if it is, then the motion for reconsideration is a nullity, as has been clearly set forth by the Seventh Appellate District Court."
(The appeal filed from the bond order was assigned Appeals Case No. 00 BA 30 and was voluntarily dismissed when a subsequent appeal was filed from the foreclosure order).
On September 11, 2000, Respondent filed a Motion to Dismiss the Petition for Writ of Prohibition. The basis of the motion is that Relators have an adequate remedy at law and that Respondent is exercising judicial power authorized in law.
In response, on September 15, 2000, Relators filed a brief in support of their petition and in opposition to the motion to dismiss. The motion to dismiss now comes on for decision.
 ANALYSIS
In order to obtain a writ of prohibition, a Relator must prove: (1) that the court is about to exercise judicial power; (2) that the power is unauthorized by law; and (3) denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. See State ex rel. Henry v. McMonagle (2000), 87 Ohio St.3d 543 citing toMcAuley v. Smith (1998), 82 Ohio St.3d 393. We also note that "a court which has jurisdiction to issue the writ of prohibition * * * has plenary power, not only to prevent excesses of lower tribunals, but to correct the results thereof and to restore the parties to the same position they occupied before the excesses occurred." State ex rel. Adams v.Gusweiler (1972), 30 Ohio St.2d 326. The thrust of Relators' claim is that Respondent is continuing to take action in the underlying civil matter even though the foreclosure order has been appealed. Relators assert that Respondent may not proceed to rule on the balance of its motion to vacate, nor proceed to a disposition of the counterclaims until this court determines whether the foreclosure order was properly granted. Their contention is that the foreclosure order was premature since there has been no adjudication of the pending counterclaims or affirmative defenses.
Regarding disposition of the balance of the motion to vacate judgment, it is firmly established law that absent a limited remand order from the court of appeals, the trial court has no authority to vacate its judgment under review. Howard v. Catholic Social Services of Cuyahoga County, Inc.
(1994), 70 Ohio St.3d 141 . As a matter of judicial economy, limited remands are routinely granted in pending direct appeals to afford the trial court an opportunity to issue a ruling on pending motions for relief from judgment. Should the motion be denied, that becomes a separate issue for inclusion in the appeal. Should the motion be granted,that appeal becomes moot and places the matter once again before the trial court for a merit determination. In either scenario, there is a finality to the litigation in the trial court before an appeal is taken. A full settlement of the rights of the parties by a trial court is desirable before the matter is scrutinized on appeal.
As it is undisputed that there is presently pending before this court a direct appeal of the foreclosure order (Appeals Case No. 00 BA 32), we note herein that an order of limited remand has been issued in that case so as to allow Respondent to complete its duties relative to the motion to vacate judgment. Such routine order was issued as a matter of judicial economy and to resolve the legal issues presented by such motion before this court undertakes a review of the entire matter.
Accordingly, Relators' complaint is moot as to that issue. We now move on to the issue about further proceedings on the foreclosure.
There is no contention that Respondent lacks authority to enter a cognovit judgment (R.C. 2323.12) or to order a sale of foreclosed property (R.C. 2323.07). Therefore, Respondent has exercised authority conferred upon him in law. There remains the issue whether denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists.
Respondent contends that a stay of execution of judgment in accord with Civ.R. 62(A) in the direct appeal is an appropriate legal remedy which negates the use of a prohibition petition. Moreover, the trial court has stated that posting a modest bond in the amount of $150,000 on a nearly $2,000,000 judgment would result in a stay of execution on the judgment.
Under Civ.R. 62(A) and (B):
 "(A) Stay on motion for new trial or for judgment.
In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of any judgment or stay any proceedings to enforce judgment pending the disposition of a motion for a new trial, or of a motion for relief from a judgment or order made pursuant to Rule 60, or of a motion for judgment notwithstanding the verdict made pursuant to Rule 50.
 (B) Stay upon appeal. When an appeal is taken the appellant may obtain a stay of execution of a judgment or any proceedings to enforce a judgment by giving an adequate supersedeas bond. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court."
We further note that paragraph (D) empowers the appellate court to modify the terms of a stay order. The issuance of a stay of execution of judgment is an available legal remedy to protect the complaining parties rights while an appeal is pending.
Relators reliance on Marion Production Credit Assn. v. Cochran (1988),40 Ohio St.3d 265 is misplaced. Marion held at page 270:
 "[i]t was error to allow the foreclosure and subsequent sale of the mortgaged premises prior to complete disposition of the pending counterclaim. In an action upon a note secured by a mortgage, the defendant is entitled to interpose all counterclaims and defenses he may have against the creditor. Civ.R. 13(A) and (B). See, also, Pierce v. Tiersch (1883), 40 Ohio St. 168, paragraph one of the syllabus; Allen v. Shackelton (1864), 15 Ohio St. 145 at paragraph one of the syllabus. In this regard, trial courts are imbued with authority to hold separate trials upon `any claim, cross-claim, counterclaim, or third party claim * * *.' Civ.R. 42(B). However, whenever the court orders such separate trials on separate issues, the execution of all judgments determined upon a single claim should be stayed pending a final determination of the entire action as to all parties. Civ.R. 13(I) read in conjunction with Civ.R. 54(B), 56(D) and 62(E)."
 Marion does not stand for the proposition that an unsecured stay is mandated while a counterclaim remains pending, as Relators would have this court believe. [Emphasis added].
In addition, we are mindful that any protracted delay would be injurious to both parties in terms of the time reduction in the value of money as well as potential diminution in value of the real estate subject to the order of sale. Both parties stand to lose substantial value should an incomplete construction project be idle for an extended period of time. The trial court has proceeded as authorized by law and acted to protect the interest of both litigants. Imposition of a bond in order to obtain a stay of execution on the judgment is not in excess of the trial court's authority. We therefore find that the lower court has not exceeded its authority, that Relators have not clearly demonstrated entitlement to the relief prayed for and that there is an adequate remedy in law available by pursuing a request for stay of execution of judgment in the related appeal from the foreclosure order.
Respondent's motion to dismiss this petition is sustained. Petition dismissed. Costs of this action taxed against Relators. Final order. Clerk to serve a copy of this opinion and journal entry on all counsel pursuant to the Civil Rules.