OPINION
{¶ 1} Defendants-appellants, Darol Dickinson, et al., appeal a decision of the Belmont County Common Pleas Court vacating a previous decision which granted summary judgment in favor of them and against plaintiffs-appellees, James W. Ray, et al.
 {¶ 2} Defendants-appellants, Darol Dickinson and Dickinson Cattle Co., Inc., own a cattle ranch in Barnesville, Ohio. Plaintiffs-appellees, James W. Ray and his wife, Rebecca Ray, raised mules for a number of years. At the invitation of appellant Darol Dickinson, appellees visited appellants' ranch in August 1999 and brought with them two of their mules to ride there. On August 23, 1999, while appellees were riding their mules on appellants' ranch, the mule appellee James W. Ray was riding lost its footing and he fell from the mule, suffering serious, permanent physical injuries.
 {¶ 3} On February 22, 2001, appellees filed suit against appellants seeking damages under various theories, including common law claims for premises liability. Extensive discovery followed. Appellants filed a motion for summary judgment and appellees responded with a memorandum in opposition. On February 11, 2003, the trial court filed an opinion which granted summary judgment to appellants. Summary judgment was granted without cause for delay and appellants' counsel was to prepare a judgment entry. On March 4, 2003, the trial court filed a judgment entry granting appellants' motion for summary judgment. On March 12, 2003, the trial court refiled the same judgment entry, this one noting that the entry had been submitted to, but refused by counsel for appellees.
 {¶ 4} Subsequently, on March 28, 2003, the trial court granted reconsideration and allowed appellees thirty days to submit the deposition of an expert. On April 2, 2003, appellants appealed all the aforementioned judgment entries to this court and that appeal was assigned Case No. 03-BE-20. A cross-appeal followed on April 11, 2003.
 {¶ 5} In evaluating our jurisdiction over the appeal in Case No. 03-BE-20, we noted that subsequent action taken by the trial court "arguably" mooted the point. On April 2, 2003 (the same day the appeal was filed), the trial court issued a "Supplemental Docket Entry" clarifying that its reconsideration was a vacation of the prior entries of March 4, 2003 and March 12, 2003. Appellants also appealed the trial court's April 2, 2003 entry and that appeal was assigned Case No. 03-BE-29. This court determined that the only order ripe for review was the order of April 2, 2003. Accordingly, this court sua sponte dismissed the appeal and cross-appeal in Case No. 03-BE-20. Ray v. Dickinson
(June 18, 2003), 7th Dist. No. 03-BE-20.
 {¶ 6} To reiterate, the present appeal, Case No. 03-BE-29, involves only the trial court's order of April 2, 2003, in which it vacated its prior entries of March 4, 2003 and March 12, 2003, in which appellants had been granted summary judgment. Appellants raise two of assignments of error. Appellants' first assignment of error states:
 {¶ 7} "The Trial Court Erred by Filing an Entry Vacating its Earlier Grant of Summary Judgment After an Appeal was Pending."
 {¶ 8} Appellants argue that when the previous appeal was pending, the trial court was without jurisdiction except to take action in aid of the appeal.
 {¶ 9} The Ohio Supreme Court has consistently held that while an appeal is pending, the trial court is without jurisdiction except to take action in aid of the appeal. McCauley v. Smith
(1998), 82 Ohio St.3d 393, 395, 696 N.E.2d 572; Daloia v.Franciscan Health Sys. of Cent. Ohio, Inc. (1997),79 Ohio St.3d 98, 101-102, fn. 5, 679 N.E.2d 1084. However, in this case the trial court vacated the prior orders before appellants filed their appeal in Case No. 03-BE-20, albeit only by hours. Therefore, the trial court still had jurisdiction over the case.
 {¶ 10} Accordingly, appellants' first assignment of error is without merit.
 {¶ 11} Appellants' second assignment of error states:
 {¶ 12} "The Trial Court Erred in Granting Appellees' Motion to Reconsider the Grant of Summary Judgment in Favor of Appellants as There is No Provision Allowing Such Reconsideration in the Ohio Rules of Civil Procedure and any Motion for the Reconsideration of a Final Judgment Must be Considered a Nullity."
 {¶ 13} Citing Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 379-380, 21 O.O.3d 238, 423 N.E.2d 1105, appellants argue that motions for reconsideration of a final judgment in the trial court are a nullity.
 {¶ 14} Civ.R. 60(B) states in part, "[t]he procedure for obtaining relief from a judgment shall be by motion as prescribed in these rules." The Ohio Rules of Civil Procedure do not recognize motions for reconsideration after a final judgment in the trial court. Pitts, 67 Ohio St.2d at paragraph one of the syllabus, 21 O.O.3d 238, 423 N.E.2d 1105. The proper vehicle for relief from judgment is a motion to vacate under Civ.R. 60(B). Civ.R. 60(B); Pitts, 67 Ohio St.2d at 380, 21 O.O.3d 238,423 N.E.2d 1105. However, this court has on occasion adhered to the idea that trial courts have been allowed some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B). Uhrin v. City of Campbell (Sept. 20, 2001), 7th Dist. No. 00 C.A. 53; Stanley v. First City Co. (June 6, 2001), 7th Dist. No. 00-JE-27; Malloy v. Kraft General Foods, Inc. (June 14, 1999), 7th Dist. Nos. 95-CA-241 and 95-CA-245.
 {¶ 15} The motion for clarification and/or reconsideration filed by appellees on February 25, 2003, can reasonably be construed as a motion for relief from judgment. The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions inGTE Automatic Elec., Inc. v. Arc Industries, Inc. (1976),47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. The court stated:
 {¶ 16} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 17} An appellate court will not reverse a trial court's ruling on a Civ.R. 60(B) motion absent a showing of abuse of discretion. Cermak v. Cermak (1998), 126 Ohio App.3d 589, 598,710 N.E.2d 1191. Abuse of discretion connotes more than an error in judgment, it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481,450 N.E.2d 1140.
 {¶ 18} The first requirement under GTE is that appellees must have a meritorious claim to present if relief is granted. GTEAutomatic Elec., Inc., supra. To meet this requirement appellees need only to allege a meritorious claim, they need not prevail on the merits. Moore v. Emmanuel Training Ctr. (1985),18 Ohio St.3d 64, 67, 18 OBR 96, 479 N.E.2d 879.
 {¶ 19} In their complaint, appellees alleged claims arising from premises liability and failure to warn. Appellees presented the opinion of an expert suggesting that the dangerous condition of the land was one cause of the incident. Thus, appellees have alleged a meritorious claim and that the summary judgment order in question was premature.
 {¶ 20} The second requirement under GTE is that appellees must demonstrate that they are entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5). GTE AutomaticElec., Inc., supra.
 {¶ 21} Civ.R. 60(B) states the grounds for relief as follows:
 {¶ 22} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 23} Since appellees did not specifically allege any of the grounds for relief listed in Civ.R. 60(B)(1) through (4), if they are entitled to relief it is on the basis of Civ.R. 60(B)(5). Civ.R. 60(B)(5) gives the court power "to relieve a person from the unjust operation of a judgment." Caruso Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64, 448 N.E.2d 1365, at paragraph one of the syllabus. In this case, it is apparent that appellees found an expert witness who suggested that the dangerous condition of the land was one cause of the incident. The trial court was within its discretion to reconsider summary judgment based on this additional evidence so that the case could be properly decided on its merits.
 {¶ 24} The final requirement under GTE that appellees must demonstrate is that they filed their motion within a reasonable time. GTE Automatic Elec., Inc., supra. The trial court filed its original opinion on February 11, 2003. Appellees filed their motion on February 25, 2003, just fourteen days later. Thus, appellees met the timeliness requirement.
 {¶ 25} Moreover, the trial court was within its discretion to vacate the orders of March 4, 2003 and March 12, 2003. The original opinion the trial court filed on February 11, 2003 did not address all of appellees' claims and theories of liability. Therefore, Pitt does not apply since there was not a complete and final judgment.
 {¶ 26} Accordingly, appellants' second assignment of error is without merit.
 {¶ 27} The judgment of the trial court is hereby affirmed and this matter is remanded for further proceedings according to law and consistent with this opinion.
Vukovich, J., concurs.
DeGenaro, J., dissents. See dissenting opinion.