[Cite as *Minnillo v. Friedland*, 2014-Ohio-33.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100359**

## MICHAEL MINNILLO, ET AL.

RELATORS

vs.

## HONORABLE CAROLYN FRIEDLAND, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion Nos. 469029 and 469479
Order No. 470544

**RELEASE DATE:** January 6, 2014

**ATTORNEY FOR RELATORS**

James R. Douglass
James R. Douglass Co., L.P.A.
4600 Prospect Avenue
Cleveland, Ohio 44103


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:     Nora E. Graham
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN T. GALLAGHER, J.:

**{¶1}** On September 5, 2013, the relators, Michael and Deborah Minnillo, commenced this prohibition action against the respondents, Judge Carolyn Friedland and the Cuyahoga County Common Pleas Court, to prevent the respondents from continuing to exercise jurisdiction over the underlying case, *U.S. Bank Natl. Assn. v. Minnillo,* Cuyahoga C.P. No. CV-778795. The Minnillos claim that under the termination of jurisdiction principle, the respondents lost all jurisdiction when Judge Friedland dismissed the underlying case without prejudice for failure to prosecute. The Minnillos also requested an alternative writ. On October 11, 2013, the respondents moved for summary judgment. On October 29, 2013, the Minnillos filed their combined brief in opposition and their own motion for summary judgment, and on November 18, 2013, the respondents filed their combined brief in opposition and reply brief. On December 8, 2013, the Minnillos filed a combined sur-reply brief and reply brief to the brief in opposition to their motion for summary judgment. For the following reasons, this court grants the respondents' motion for summary judgment, denies the Minnillos' motion for summary judgment and denies the applications for a writ of prohibition and an alternative writ.

**{¶2}** The underlying case is a commercial foreclosure action on an apartment building owned by the Minnillos. On April 3, 2012, the respondent judge entered an order required in residential foreclosures that a certain attorney's affidavit must accompany a summary judgment motion; if the affidavit was not submitted, the trial court

would dismiss the case. The respondent judge also appointed a receiver for the apartment building. The Minnillos appealed that decision, and this court affirmed the appointing of a receiver. *U.S. Bank Natl. Assn. v. Minnillo*, 8th Dist. Cuyahoga No. 98593, 2012-Ohio-5188.

{¶3} After the case returned to the trial court, the respondent judge issued another order on December 13, 2012, requiring the plaintiff's lawyer to move for summary judgment and submit "an attorney's affidavit that fully complies with the court's standing orders as outlined on the county website." The order further warned that the failure to do so could submit the case to dismissal without prejudice for failure to prosecute. This referred to the affidavit required in residential foreclosures. On January 14, 2013, the plaintiff moved for summary judgment, but did not include the required attorney's affidavit.

{¶4} Thus, on February 27, 2013, the respondent judge dismissed the underlying case without prejudice for failure to file the required affidavit. On March 7, 2013, the plaintiff's attorney moved to vacate the dismissal order pursuant to Civ.R. 60(A).[1] The plaintiff's lawyer argued that ordering the affidavit required in a residential foreclosure in a commercial foreclosure action was an oversight that resulted in an erroneous dismissal. The trial court, pursuant to Civ.R. 60(A), had the power to correct this inadvertent mistake.

---

[1] Civ.R. 60(A) provides in pertinent part as follows: "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party * * *."

**{¶5}** On March 21, 2013, the respondent judge granted the motion to vacate and reinstated the case. The judge stated: "The within property is commercial in nature and thus plaintiff was not required to file an attorney affidavit per the court's standing orders."[2] The Minnillos then brought this prohibition action to prevent the trial court from exercising any further jurisdiction over the underlying case, because the trial court lost all jurisdiction when it dismissed the case.

**{¶6}** The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.*, 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940).

---

[2] The Minnillos appealed the order granting the motion to vacate the dismissal and to reinstate the foreclosure case. *U.S. Bank Natl. Assn. v. Minnillo*, 8th Dist. Cuyahoga No. 99725. On July 30, 2013, this court dismissed the appeal for lack of jurisdiction; the dismissal without prejudice did not present a final, appealable order.

**{¶7}** Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988); and *State ex rel. Csank v. Jaffe*, 107 Ohio App.3d 387, 668 N.E.2d 996 (8th Dist.1995). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997).

**{¶8}** The termination of jurisdiction principle is that when a case is dismissed or reaches final judgment, the trial court loses authority to proceed with any aspect of the case. Furthermore, prohibition is an appropriate remedy to enforce the termination of jurisdiction principle. *State ex rel. Rice v. McGrath*, 62 Ohio St.3d 70, 577 N.E.2d 1100 (1991). Therefore, the Minnillos argue that when Judge Friedland dismissed the case without prejudice for want of prosecution, she lost all authority to do anything else on the case, including ruling on a motion to vacate the dismissal pursuant to Civ.R. 60(A).[3] The Minnillos continue that Civ.R. 60(A) is not even applicable, because discerning whether this was a residential or commercial foreclosure and alleviating the plaintiff of the need to file the attorney affidavit were not clerical errors. Rather, such errors were

---

[3] Civ.R. 60(B) applies to judgments, i.e., final appealable orders. The subject dismissal was without prejudice and not a final, appealable order.

substantive errors of judgment and beyond the scope of Civ.R. 60(A). The Minnillos conclude that because the dismissal deprived the respondents of further jurisdiction, the writ of prohibition should issue.

{¶9} However, the courts of Ohio have recognized that in certain instances a trial court retains the jurisdiction to vacate a dismissal premised on errors "arising from oversight and omission." In *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 74, 424 N.E.2d 297 (1981), the Supreme Court clarified the scope of Civ.R. 60(A). Citing 6A Moore, *Federal Practice*, Paragraph 60.08, the court ruled that Civ.R. 60(A) permits the trial court to correct clerical mistakes and errors of oversight and omission.

{¶10} In *Logsdon v. Nichols,* 72 Ohio St.3d 124, 127, 647 N.E.2d 1361 (1995), the Supreme Court of Ohio held that "the trial court retains, at least in some instances, the jurisdiction to deal with a dismissal entry improperly filed. Given * * * that the dismissal occurred by * * * the court's actions under Civ.R. 41(A)(2), the trial court retained the jurisdiction to *sua sponte* vacate its erroneously entered dismissal." In *Logsdon*, mere days before trial, the plaintiffs in a personal injury action asked the court to dismiss their case without prejudice pursuant to Civ.R. 41(A)(2), so they could refile the action with the aid of the savings statute; the plaintiffs had already dismissed their case once without prejudice. The trial court granted the plaintiffs' request and dismissed their case without prejudice. Approximately two hours later, the judge vacated the dismissal *sua sponte*, because he had not given the defendants the opportunity to respond. The judge then set the case for trial. On the date of trial, neither the plaintiffs nor their attorney appeared; thus, the trial court dismissed the case with prejudice.

{¶11} On appeal, the plaintiffs argued that pursuant to the termination of jurisdiction principle, the trial court lacked the jurisdiction under Civ.R. 60(A) to vacate the dismissal without prejudice. The Supreme Court of Ohio rejected this argument noting that the judge had the jurisdiction to correct the reversible error of improperly dismissing the case in the first instance.

{¶12} Similarly, in *Britt,* 67 Ohio St.2d 71, 424 N.E.2d 297 (1981), the Supreme Court of Ohio ruled that a trial court retains jurisdiction to rule on a Civ.R. 60(A) motion, after an appeal had ordered the trial court to reinstate a plaintiff's voluntary dismissal without prejudice. Specifically, the Supreme Court of Ohio ruled that a writ of prohibition would not issue to prevent the trial court from ruling on the Civ.R. 60(A) motion.

{¶13} This court has ruled that a trial court may consider a Civ.R. 60(A) motion to vacate after it has dismissed a case pursuant to a motion to dismiss on the statute of limitations. The plaintiff argued that the dismissal should be vacated because the defendant had stipulated to an extension of time for the plaintiff to respond. This court affirmed the denial of the Civ.R. 60 motion because the plaintiff had not properly invoked the rule; this court did not base its decision on lack of jurisdiction. *Epstein v. Louis*, 8th Dist. Cuyahoga No. 97071, 2012-Ohio-274.

{¶14} In *Horman v. Veverka,* 30 Ohio St.3d 41, 506 N.E.2d 218 (1987), the Supreme Court of Ohio ruled that a trial court's order vacating a dismissal and reinstating the case was within the trial court's inherent power. The Ninth District followed *Horman* in *Shoup v. Holman*, 81 Ohio App.3d 127, 610 N.E.2d 502 (9th Dist.1991). In

that case, the trial court dismissed the case without prejudice because it believed that the parties had settled the case. The trial court granted a motion to vacate when the plaintiff informed the court that the agreement had "fallen through" and then granted a default judgment. After garnishment proceedings had begun, the defendant sought to vacate the judgment on the grounds that the trial court lacked jurisdiction to reinstate the case. On appeal, the Ninth District held that the trial court had the inherent power to vacate a dismissal and reinstate the case.

{¶15} In reviewing Civ.R. 60(A) and the above cases, the court concludes that the respondents had jurisdiction to consider the plaintiffs' Civ.R. 60(A) motion and vacate its dismissal without prejudice. The inclusion of requirements for a residential foreclosure in a commercial foreclosure case was an oversight that resulted in an erroneous order that may be corrected pursuant to Civ.R. 60(A). Such inclusion was at least as much of an oversight as *Logsdon's* failure to give notice. *Logsdon, Henry, Epstein, Horman,* and *Shoup* confirm that the trial court had the jurisdiction to rule on that motion or to vacate its dismissal. At the very least, those cases clothed the respondents with sufficient jurisdiction to determine the trial court's jurisdiction, precluding the issuance of a writ of prohibition. Furthermore, the procedural posture of *Logsdon* shows that there is an adequate remedy at law through appeal. In that case, the plaintiff was able to secure review of the trial court's jurisdiction under Civ.R. 60(A) on appeal, after the trial court had dismissed the case with prejudice. The court further notes that this resolution will allow the parties and the court to resolve the underlying case on the merits in a more expeditious manner.

{¶16} Accordingly, this court grants the respondents' motion for summary judgment and denies the applications for a writ of prohibition and an alternative writ. Relators to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶17} Writ denied.


EILEEN T. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
TIM McCORMACK, J., CONCUR