PARIS, Appellant,

v.

GEORGETOWN HOMES, INC., Appellee.

[Cite as *Paris v. Georgetown Homes, Inc.* (1996), 113 Ohio App.3d 501.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17445.

Decided Aug. 14, 1996.

502

*Bruce Bogart,* for appellant.

*Mansour, Gavin, Gerlack & Manos Co., L.P.A.,* and *David B. Cathcart,* for appellee.

QUILLIN, Presiding Judge.

Appellant, Sandra Paris, appeals from a judgment of the Cuyahoga Falls Municipal Court that overruled her Civ.R. 60(A) motion for relief from judgment. We affirm.

Paris filed this breach of contract action on June 30, 1992. In preparation for a jury trial, the trial court notified the parties that they should file proposed jury instructions by February 2, 1993, and that "[f]ailure to comply may result in dismissal of your claim or claims." On February 2, stating that neither party had complied with the request for jury instructions, the trial court dismissed the case.

Paris did not appeal the judgment dismissing her case. Instead, on April 6, 1993, she filed a motion for relief from judgment pursuant to Civ.R. 60(B). She alleged that any failure to submit the required jury instructions was due to mistake or excusable neglect. Following a hearing on this issue before a referee, the referee recommended that the motion be denied because Paris had failed to demonstrate that she had a meritorious claim and had failed to move for relief from judgment within a reasonable time. Paris filed untimely objections to the referee's report, which the trial court overruled. On October 19, 1993, the trial court adopted the referee's report and overruled the Civ.R. 60(B) motion.

On December 31, 1993, Paris again moved the trial court for relief from judgment, this time pursuant to Civ.R. 60(A). She asserted that the trial court had made a clerical error by failing to include the words "without prejudice" in its order of dismissal. The trial court apparently took no action on this motion until August 1995, when Paris "sought an order in response to her motion." Apparently, the trial judge who had dismissed the case had just retired. The motion was considered and overruled by a different trial judge, who, after a thorough review of the record, concluded that the trial court's failure to include the words "without prejudice" was not a clerical error.

Paris appeals and as her sole assignment of error contends that the trial court erred in refusing to correct an alleged clerical error in its February 2, 1993 judgment. Paris contends that the trial court's failure to explicitly dismiss her action "without prejudice" was a clerical error.

■ Civ.R. 60(A) provides that clerical mistakes in a judgment "arising from oversight or omission" may be corrected by the trial court. This rule is applied to inadvertent clerical errors, and cannot be used to add language which was deliberately excluded from a judgment. *Dentsply Internatl. Inc. v. Kostas* (1985), 26 Ohio App.3d 116, 118, 26 OBR 327, 328–329, 498 N.E.2d 1079, 1081. " 'It is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney.' " (Emphasis deleted.) *Id.*

■ The trial court concluded, and we agree, that there was nothing in the record to establish that the trial court had made a clerical error. A review of the record leads us to conclude that the trial court dismissed Paris's case as an involuntary dismissal pursuant to Civ.R. 41(B)(1), and that it intended that the

dismissal be with prejudice. Therefore, the exclusion of the words "without prejudice" was intentional, not inadvertent.

Moreover, on appeal, Paris fails to explain why she believes that the trial court made a clerical error. Rather, she attempts to challenge the propriety of the February 1993 order dismissing her case. Paris has appealed the denial of her Civ.R. 60(A) motion, however, and our review is limited to that judgment. Whether her case was properly dismissed in 1993 is not an issue before us. Paris cannot use Civ.R. 60(A) as a substitute for an appeal of that judgment.

Because we find no abuse of discretion by the trial court, the assignment of error is overruled.

*Judgment affirmed.*

BAIRD and REECE, JJ., concur.