ACCELERATED DOCKET JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs, and the oral arguments of counsel.
{¶ 2} Defendant-appellant Kenneth D. Perry (husband) appeals the domestic relations court's granting a motion to vacate in favor of plaintiff-appellee Michelle L. Perry (wife). We find merit to the appeal and reverse and remand.
{¶ 3} The parties were divorced on June 26, 2000. On December 28, 2000, the wife filed a motion to modify child support, motion to modify visitation, and a motion to show cause and for attorneys fees. On June 19, 2001, the husband filed a motion to dismiss all three motions on the grounds that his attorney was served with the motions, but he was not. The trial court granted the motion to dismiss without opinion on June 26, 2001.
{¶ 4} On July 5, 2001, the wife filed a motion to vacate the dismissal pursuant to Civ.R. 60(A), claiming that the magistrate had indicated at the hearing that he would not grant the motion to dismiss, but would permit the matter to be continued so that the husband could be properly served. The husband argued that because there was no clerical error, the Civ.R. 60(A) motion to vacate should be denied.
{¶ 5} On August 3, 2001, the magistrate issued a decision with findings of fact and conclusions of law, denying the motion to vacate based on the fact that there was no clerical error. The magistrate also denied that he told the parties that he would deny the motion to dismiss.
{¶ 6} Thereafter, the wife filed an objection to the magistrate's report, raising for the first time the argument that there was clerical error because the motion to dismiss was granted seven days after it was filed, thereby preventing her from filing any opposition. She also argued that in spite of not being served, both the husband and his attorney had appeared at pretrials regarding the motions on February 5 and May 8, 2001 and entered into negotiations to settle the pending motions. It was not until the final hearing date of June 19, 2001 that the husband objected to the lack of service.
{¶ 7} On November 19, 2001, the trial court overruled the wife's objections as moot and granted her motion to vacate the dismissal without opinion. The husband sought findings of fact and conclusions of law which the trial court declined to issue.
{¶ 8} The husband appeals and assigns two errors for review.
 {¶ 9} I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING APPELLEE'S MOTION TO VACATE JUDGMENT UNDER RULE 60(A) (CLERICAL MISTAKES).
{¶ 10} Civ.R. 60(A) states in pertinent part:
 {¶ 11} (A) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * *.
{¶ 12} In Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247, the court stated:
 {¶ 13} The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that cannot be corrected is that the former consists of "blunders in execution" whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner.
{¶ 14} Clearly, the court's decision to vacate its dismissal was not based on a blunder in the execution of its original order granting the dismissal. Whether the trial court decided to vacate the dismissal and permit the motions to stand because the motion to dismiss was prematurely granted, not allowing the wife adequate time to oppose the motion to dismiss, or whether the court found that the husband waived service by attending pretrials, these are not clerical mistakes, but substantive errors that cannot be corrected by filing a Civ.R 60(A) motion. The proper avenue of redress for the wife was not a Civ.R. 60(A) motion, but an appeal of the trial court's granting the motion to dismiss. A party cannot use Civ.R. 60(A) as a substitute for an appeal of that judgment. Paris v. Georgetown Homes, Inc. (1996),113 Ohio App.3d 501.
{¶ 15} The trial court therefore erred by granting the wife's Civ.R. 60(A) motion to vacate.
{¶ 16} The husband's first assignment of error is sustained.
 {¶ 17} II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.
{¶ 18} This assignment of error is moot given our disposition of the first assignment of error and need not be addressed. App.R. 12(A)(1)(c).
Judgment reversed and cause remanded for the court to reinstate its prior dismissal.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J. and TERRENCE O'DONNELL, J. CONCUR