OPINION
{¶ 1} Plaintiff-appellant, Judy D. Thurston, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling her motion for relief from judgment pursuant to Civ.R. 60(A) and (B). Plaintiff assigns a single error:
 {¶ 2} "The trial court erred in finding appellant was not entitled to relief from the magistrate's decision pursuant to Civ.R. 60(A) and Civ.R. 60(B) as appellant alleged sufficient operative facts to warrant an evidentiary hearing on the merits of her motion."
 {¶ 3} Because the trial court properly overruled plaintiff's motion without an evidentiary hearing, we affirm.
 {¶ 4} Plaintiff's marriage to defendant-appellee, William R. Thurston, was terminated by a decree of dissolution filed June 6, 1989. The decree of dissolution adopted a separation agreement the parties had entered into on or about May 1, 1989, that obligated defendant to pay plaintiff spousal support pursuant to a formula specified in the separation agreement.
 {¶ 5} On February 27, 1998, defendant filed a motion to terminate spousal support, claiming plaintiff was cohabiting with an adult male and thus, under the terms of the separation agreement, was no longer entitled to spousal support. Defendant apparently ceased paying spousal support pending a ruling on his motion.
 {¶ 6} On May 3, 1999, plaintiff filed a motion to find defendant in contempt for failure to pay spousal support. On May 28, 1999, the trial court filed two decisions. One decision overruled defendant's motion to terminate spousal support. The other, premised on the first ruling, granted plaintiff's motion and determined defendant had a duty under the terms of the parties' separation agreement and decree of dissolution to pay spousal support to plaintiff. Concluding defendant had not paid spousal support since December 1997, the trial court ordered defendant to "pay all spousal support arrearages accrued since December 1997 to petitioner-wife." (May 28, 1999 Decision and Entry, 2.) Given the somewhat unusual nature of the calculation of spousal support in the separation agreement, the trial court ordered the parties to exchange financial documentation, and it referred the matter to a magistrate for an evidentiary hearing and determination of the amount defendant owed plaintiff.
 {¶ 7} The magistrate considered the matter on defendant's stipulated gross income for 1998, and determined defendant's "obligation for the payment of spousal support for the year of 1998 is 35% of his gross income, equaling $14,046.20. [Defendant] owes spousal support arrearages of $14,046.20 as of December 31, 1998." (Magistrate December 2, 1999 Decision, filed December 8, 1999.) The trial court adopted the magistrate's decision as its own on the same day. No objections were filed to the magistrate's decision and no appeal was taken from the trial court's judgment entry adopting the decision.
 {¶ 8} On September 26, 2000, plaintiff filed another motion for contempt regarding spousal support, apparently seeking spousal support from 1992 forward; she followed it with a February 28, 2001 motion to reduce all spousal support arrearages to a lump sum. Because plaintiff had filed for bankruptcy, on March 21, 2001, the trustee in bankruptcy was joined as a party in interest to the litigation. The magistrate conducted an evidentiary hearing on the motion on October 26, 2001.
 {¶ 9} In lieu of a closing argument, defendant filed a memorandum contending the matters subject of the current motion for contempt had been determined in the trial court's December 8, 1999 judgment entry adopting the magistrate's decision. Recognizing that the language of the December 1999 magistrate's decision significantly hindered plaintiff's attempts to recover allegedly unpaid spousal support from 1996 and 1997, plaintiff withdrew her motion. Instead, the trustee in bankruptcy and plaintiff filed a motion to set aside the December 8, 1999 judgment entry pursuant to Civ.R. 60(A) and (B), contending the arrearages set in that entry were incorrect for failure to include amounts owed prior to 1998.
 {¶ 10} After the parties had briefed the motion, the trial court, on April 17, 2002, filed a decision and entry concluding the language at issue in the December 8, 1999 entry was not a clerical error that could be corrected under Civ.R. 60(A). It further determined plaintiff's Civ.R. 60(B) motion was untimely. Accordingly, the trial court overruled plaintiff's motion.
 {¶ 11} In her single assignment of error, plaintiff contends the trial court, at the least, should have conducted an evidentiary hearing to determine her Civ.R. 60 motion. Civ.R. 60(A) and (B) grant the trial court authority to modify its judgments according to the standards set forth in the rule. Civ.R. 60(A) states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."
 {¶ 12} "Civ.R. 60(A) is invoked to correct clerical mistakes." Chrisman v. Chrisman (Feb. 8, 1999), Warren App. No. CA97-10-109. Under Civ.R. 60(A), a clerical mistake "refers to a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." State ex rel. Litty v. Leskovyansky (1996),77 Ohio St.3d 97, 100. "Substantive changes in judgments, orders, or decrees, however, are not within the purview of Civ.R. 60(A)." Chrisman, supra, citing Kuehn v. Kuehn (1988), 55 Ohio App.3d 245, 247, jurisdictional motion overruled (1989), 41 Ohio St.3d 709.
 {¶ 13} Plaintiff's Civ.R. 60(A) motion was directed to the language in the magistrate's decision that stated defendant "owes spousal support arrearages of $14,046.20 as of December 31, 1998." (Emphasis added.) Plaintiff contends the decision should state the arrearages are owed for 1998 and, because it does not, it "contains a clerical mistake or judicial oversight." (Joint Motion of Petitioner-Wife and Trustee to Satisfy Judgment, 5.) Noting the magistrate was to determine only the arrearages for 1998, plaintiff further asserts the trial court erred in failing to correct the "clerical mistake" in the judgment entry adopting the magistrate's decision.
 {¶ 14} Plaintiff's contentions are unpersuasive for several reasons. Initially, the matter to which plaintiff's motion is addressed is not a clerical error. "Civ.R. 60(A) is not the appropriate vehicle for questions requiring juridical decision on the basis of the record." Chrisman, supra. If a mistake was made here, it was not a clerical error such as a error in transcription, but a mistake of fact regarding the scope of the proceedings before the magistrate in 1999. See id. Indeed, to address the alleged "clerical" error, plaintiff is forced to review the trial court's decision referring the matter to the magistrate, the evidence before the magistrate, and evidence presented subsequent to the magistrate's decision in proceedings that followed the trial court's judgment entry adopting the magistrate's December 1999 decision. Because plaintiff's Civ.R. 60(A) motion seeks a re-determination of the parameters of the magistrate's decision and the relief afforded by it, her motion is not within the scope of Civ.R. 60(A).
 {¶ 15} Secondly, plaintiff presented the Civ.R. 60(A) motion to the trial court, suggesting that the magistrate's decision and the judgment entry adopting it did not reflect the trial court's intended scope of proceedings when the court referred the matter to the magistrate in May 1999. The trial court disagreed when it overruled plaintiff's Civ.R. 60(A) motion. Plaintiff now requests that this court reverse the trial court, in effect asking that this court determine the trial court did not intend the result contained in the magistrate's decision, and reverse the trial court for finding that it did. The changes plaintiff sought were substantial, and "should only have been granted if they reflected the court's actual intention." Chrisman, citing Dentsply Internatl., Inc. v. Kostas (1985), 26 Ohio App.3d 116. Because the trial court is in the best position to know what it intended, we would be hard-pressed to find the trial court abused its discretion under these circumstances. Hamlin v. Hamlin (Feb. 12, 1993), Darke App. No. 1312, jurisdictional motion overruled, 66 Ohio St.3d 1501.
 {¶ 16} Finally, plaintiff's Civ.R. 60(A) motion fails because it attempts to use Civ.R. 60(A) as a substitute for appeal. As the trial court properly noted, the change plaintiff seeks is substantive in nature: in her motion plaintiff contended the arrearage amount the magistrate set is incorrect because it does not include arrearages prior to 1998. Such an error should have been appealed; Civ.R. 60(A) does not provide the vehicle to correct plaintiff's failure to appeal the trial court's judgment entry adopting the magistrate's December 1999 decision. See Paris v. Georgetown Homes, Inc. (1996), 113 Ohio App.3d 501, dismissed, appeal not allowed (1997), 77 Ohio St.3d 1515.
 {¶ 17} Plaintiff also contends the trial court erred in overruling her motion pursuant to Civ.R. 60(B)(5). "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Civ.R. 60(B) relief, however, "is not available as a substitute for appeal." Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686.
 {¶ 18} "In support of a Civ.R. 60(B) motion, a party may not raise issues that could have been raised upon appeal, and `errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment.' " Daroczy v. Lantz, Franklin App. No. 02AP-31, 2002-Ohio-5417, at ¶ 34, quoting Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399, affirmed (1993), 68 Ohio St.3d 39. The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12.
 {¶ 19} Because plaintiff's motion is outside the time parameters for a motion filed pursuant to Civ.R. 60(B)(1) through (3), plaintiff's motion seeks relief under Civ.R. 60(B)(5). "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. Plaintiff, however, seeks to employ Civ.R. 60(B)(5) as a substitute for an appeal. Plaintiff, in reality, contends the trial court erred in adopting the magistrate's decision because the magistrate failed to properly determine the matters the trial court referred to it. Whether or not plaintiff's contentions may have been successful on appeal, plaintiff not only failed to appeal the trial court's determination, but failed to object to the magistrate's decision.
 {¶ 20} Moreover, we cannot conclude the trial court abused its discretion in determining plaintiff's motion was untimely under Civ.R. 60(B)(5). Plaintiff's motion was filed nearly two years after the trial court adopted the magistrate's decision. Even then, plaintiff filed her motion only because subsequent proceedings drew the magistrate's decision into question. The alleged defect in the decision and judgment entry adopting it was apparent at the time the decision and judgment entry were rendered. Plaintiff's delay in addressing the alleged defect is unreasonable.
 {¶ 21} In the final analysis, plaintiff's Civ.R. 60(B) motion is untimely and seeks to achieve through a Civ.R. 60(B) motion what should have been accomplished on appeal. The trial court properly overruled the motion.
 {¶ 22} Because the trial court properly denied plaintiff's motion pursuant to Civ.R. 60(A) and (B), we overrule plaintiff's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
DESHLER and KLATT, JJ., concur.