OPINION
{¶ 1} Defendant-appellant, Arnita M. Branch, appeals from the March 11, 2004 judgment of the Franklin County Municipal Court granting summary judgment in favor of plaintiff-appellee, Capital One Bank, on the complaint in the amount of $895.43 with interest at a rate of ten percent per annum from the date of judgment, and granting judgment against Ms. Branch and dismissing her counterclaim. Capital One has filed a motion to dismiss the appeal, or, in the alternative, to strike portions of Ms. Branch's brief. For the reasons that follow, we grant Capital One's motion to dismiss the appeal with respect to issues relating to the original complaint. However, we reverse the judgment of the trial court as to the counterclaim.
 {¶ 2} On August 22, 2003, Capital One filed a complaint in the trial court against Ms. Branch alleging there was money due to Capital One on an account.
 {¶ 3} Ms. Branch filed an answer and counterclaim in which she denied ever applying or purchasing a line of credit with Capital One and alleging, among other things, fraud on the part of Capital One in its credit reporting and harassment in its attempts to collect the monies allegedly owed. Ms. Branch sought damages in the amount of $5,000 on her counterclaim.
 {¶ 4} In a motion served by mail on March 1, 2004, and filed with the court on March 2, 2004, Capital One moved for summary judgment as to both the complaint and counterclaim. Ms. Branch did not respond to the motion and, on March 8, 2004, the trial court signed a judgment entry in favor of Capital One as to both the complaint and counterclaim. The judgment entry was journalized on March 11, 2004.
 {¶ 5} The 30th day following journalization of the judgment entry fell on a Saturday and, consequently, Ms. Branch filed her timely notice of appeal on Monday, April 12, 2004. Also on April 12, 2004, Ms. Branch paid the judgment on the complaint in full including accrued interest and court costs.
 {¶ 6} Because Ms. Branch voluntarily satisfied the judgment against her, that portion of her appeal is moot for want of an actual controversy. Therefore, we grant Capital One's motion to dismiss with respect to the underlying complaint. We now turn our attention to Ms. Branch's appeal of the judgment against her with respect to her counterclaim.
 {¶ 7} Capital One has filed a motion to strike Ms. Branch's brief or the evidentiary materials attached to her brief that were never before the trial court. Ms. Branch responded to the motion to strike by noting that the trial court granted summary judgment before the expiration of the time allowed for Ms. Branch to respond to Capital One's motion for summary judgment.[1]
As a result, Ms. Branch filed the instant appeal and attached to her appellate brief materials that she wishes this court to consider.
 {¶ 8} This court will not consider materials that were not part of the record of the trial court. However, it is clear from the record of the trial court that the trial court granted Capital One's motion for summary judgment prior to the expiration of the 14-day limit set forth in Civ.R. 56 and Loc.R. 3.04 of the Franklin County Municipal Court.
 {¶ 9} Civ.R. 56(C) states, in part:
The motion [for summary judgment] shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. * * *
 {¶ 10} Loc.R. 3.04(3) of the Franklin County Municipal Court provides in pertinent part that:
All motions for summary judgment filed pursuant to Civil Rule 56 are hereby set for non-oral hearing on the fifteenth day following service of the motion upon the responding party. The adverse party shall serve and file opposing affidavits and memorandum prior to the day set for non-oral hearing. * * *
 {¶ 11} Therefore, according to the rules, Ms. Branch had, at the very least, until March 16, 2004 to file a response. By issuing its ruling on March 11, 2004, the trial court failed to give her the full time to respond.
 {¶ 12} The grant of a Civ.R. 56 motion terminates litigation without giving the opposing party the benefit of a trial on the merits. The requirements of the rule must be strictly enforced. Compliance with the terms of Civ.R. 56(C) is of fundamental importance at the trial court level, where the initial examination of the evidence occurs, and where the issues framing the litigation are shaped. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360.
 {¶ 13} The trial court did, therefore, improperly deny Ms. Branch the opportunity to oppose Capital One's motion. Accordingly, we reverse the judgment of the trial court as to the counterclaim and remand the matter for further proceedings in accordance with this opinion.
Judgment reversed and remanded for further proceedings as tothe counterclaim; motion to dismiss granted with respect to theunderlying complaint.
Bowman and Bryant, JJ., concur.
[1] In addition to her response to the motion to dismiss, Ms. Branch alludes in her merit brief to the trial court "refusing to entertain the evidence of [her] counterclaim." (Appellant's brief at 3.) She also claims "[t]he court refused to hear the facts in the cast [sic] therefore denying the appellant's Constitutional rights." (Appellant's brief at 10.)