OPINION
{¶ 1} Arnita M. Branch, defendant-appellant, appeals from a judgment of the Franklin County Municipal Court, in which it granted summary judgment in favor of Capital One Bank, plaintiff-appellee, on appellant's counterclaim.
 {¶ 2} On November 7, 1997, appellant applied for a credit card from appellee and was subsequently approved. On August 22, 2003, appellee filed a complaint against appellant seeking monies owed on the credit card, totaling $895.43, plus interest and costs. On September 16, 2003, appellant filed an answer denying she owed any monies to appellee. On the same date, appellant filed what the trial court construed as a counterclaim, alleging "credit fraud," "fraudulent credit billing," "fraudulent credit reporting," and "harassment" by appellee. Appellant claimed appellee committed such acts in an attempt to collect monies and in incorrectly reporting credit information to national credit reporting agencies. She also claimed she was denied credit, or approved credit at a higher rate, as a result of appellee's actions. Appellant sought damages in the amount of $5,000 on her counterclaim.
 {¶ 3} On March 2, 2004, appellee filed a motion for summary judgment as to both the complaint and counterclaim. On March 8, 2004, the trial court signed a judgment entry in favor of appellee as to both the complaint and counterclaim. The judgment entry was journalized on March 11, 2004. Appellant appealed that judgment and, on the same day, paid the judgment on the complaint in full including accrued interest and court costs. In Capital One Bank v. Branch, Franklin App. No. 04AP-380,2004-Ohio-6527 ("Branch I"), this court found: (1) because appellant voluntarily satisfied the judgment against her, the portion of her appeal with regard to the underlying complaint was moot; and (2) because the trial court granted summary judgment to appellee before giving appellant an adequate opportunity to respond to the summary judgment motion, pursuant to Civ.R. 56(B) and Loc.R. 3.04(3), the judgment must be reversed as to the counterclaim and the matter remanded for further proceedings.
 {¶ 4} Upon remand, appellant requested a new trial and that the case be assigned to a new judge. On February 7, 2005, the trial court denied appellant's requests and ordered that appellant have 14 days to respond to appellee's motion for summary judgment as to her counterclaim. On February 18, 2005, appellant filed, in essence, a memorandum contra appellee's motion for summary judgment as to the counterclaim. On April 19, 2005, appellant filed supplemental pleadings in support of her counterclaim. On April 20, 2005, the parties presented oral arguments to the trial court, appellant appearing pro se. On April 29, 2005, the trial court granted appellee's motion for summary judgment as to appellant's counterclaim. Appellant appeals the judgment of the trial court. Although she does not include any assignments of error in her appellate brief, she presents the following "questions":
1. Whether or not the lower Court continues to deny the Appellant's rights under the U.S. Constitution (Amendments I and VII) by refusing to entertain the facts and evidence of the Defendant/Appellant's counterclaim and by refusing to order this case for trial?
2. Whether or not the Defendant/Appellant is liable for any charges as presented and reported by the Plaintiff to the credit reporting agencies?
3. Whether or not the Plaintiff/Appellee is liable and/or responsible for presenting and/or reporting fraudulent credit charges and reports under the name of the Defendant/Appellant?
4. Whether or not the Defendant/Appellant is financially responsible for fraudulent charges as presented and reported by the Plaintiff/Appellee-Capital One Bank.
 {¶ 5} With regard to appellant's second and fourth assignments of error, these arguments are moot. Both the second and fourth assignments of error relate to the merits of the underlying complaint, insomuch as appellant still claims she is not liable for the charges that were the subject of the satisfied judgment. We already determined in Branch I
that, because appellant voluntarily satisfied the judgment against her, any issues with regard to the underlying complaint were moot. See BranchI, at ¶ 6. Therefore, we find appellant's second and fourth assignments of error moot.
 {¶ 6} With regard to the remaining two assignments of error, we first note that appellant has failed to comply with App.R. 12 and 16. Appellant has failed to support her arguments with any legal authority as required by App.R. 16(A)(7). An appellate court may disregard an assignment of error, pursuant to App.R. 12(A)(2), if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). Meerhoff v. Huntington Mtge. Co. (1995), 103 Ohio App.3d 164,169. In addition, appellant has failed to argue her assignments of error separately in her brief. Pursuant to App.R. 12(A)(2) and 16(A)(7), an appellate court may disregard an assignment of error if the party raising it fails to argue the assignment separately in the brief, as required under App.R. 16(A). Further, appellant's arguments are extremely imprecise. This court is not required to "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning."State ex rel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206. Given these circumstances, this court would have the authority to overrule appellant's assignments of error without further discussion. However, in the interests of justice, we will briefly address appellant's two remaining assignments of error.
 {¶ 7} Appellant argues in her first assignment of error that the trial court denied her rights under the United States Constitution when it refused to entertain the facts and evidence of her counterclaim and by refusing to order that the case be set for trial. Appellant claims in her brief that, in granting appellee's motion for summary judgment, it denied her constitutional right to a jury trial and right to a meaningful and effective remedy to assert her counterclaim. However, it is a long-established principle that the summary judgment process does not violate a person's right to trial by jury. Sartor v. Arkansas Natural GasCorp. (1944), 321 U.S. 620, 627. The summary judgment process simply cuts short the litigation where there are insufficient issues for the court to permit a trial to go forward. Thus, given the United States Supreme Court has sanctioned the summary judgment process, we cannot find appellant was deprived of her constitutionally guaranteed right to a jury trial. Therefore, appellant's first assignment of error is overruled.
 {¶ 8} Appellant argues in her third assignment of error that the trial court erred in failing to find that appellee was liable for reporting fraudulent credit charges and reports under her name. A court of appeals subjects the trial court's decision to grant summary judgment to de novo review. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides that summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor.
 {¶ 9} If the moving party meets its initial burden under Civ.R. 56(C), then the non-moving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. If the non-moving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 10} In the present case, appellee presented evidence proper under Civ.R. 56 to support its motion. Appellee construed appellant's various claims for fraud and inaccurate credit reporting as falling under the Fair Credit Reporting Act, Section 1681, et seq., Title 15, U.S. Code ("FCRA"). Appellee conceded that it is a "furnisher of credit information" under the FCRA, and that it had a duty to: (1) provide accurate information under § 1681s2-(a); and (2) investigate the accuracy of reported information upon receiving notice of a dispute under § 1681s-2(b). However, with respect to § 1681s-2(a), appellee contended that § 1681s-2(d) provides that the duty to provide accurate information may be enforced only by federal and state officials, and there is no private right of action for a citizen. Thus, appellee argued that appellant's claims, in this respect, must be rejected.
 {¶ 11} With regard to § 1681s-2(b), appellee contended that, although this section provides a private right of action, such exists only if it willfully or negligently fails to follow re-investigation procedures upon receipt of a notice of dispute under § 1681i(a)(2). Here, appellee pointed out that appellant failed to present any suitable evidence that she filed a proper notice of dispute with a consumer reporting agency. Additionally, appellee presented an affidavit from its representative averring that, after a thorough search, it could locate no record of a dispute either received from appellant or any other entity regarding appellant's account.
 {¶ 12} Appellee is correct that appellant failed to present any properly authenticated evidence for consideration by the trial court to satisfy its reciprocal burden on either of the two above issues. However, even if appellant were to satisfy her reciprocal burden and could demonstrate that her causes of action fit within the parameters of the FCRA, appellant has failed to demonstrate appellee's actions proximately caused her damage. Initially, we note that, as with the other disputed issues, none of the evidence presented by appellant on the issue of proximate cause has been properly authenticated. Appellant had a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. If the non-moving party fails to respond with properly authenticated evidence, summary judgment must be entered against the non-moving party. Vahila v. Hall (1997), 77 Ohio St.3d 421. Under Civ.R. 56(C), only depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact are permitted to support a motion for summary judgment. When evidence does not fall within these categories, and no affidavits or authenticating testimony are attached, the evidence may not support the motion for summary judgment. State ex rel. Boggs v.Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94. Likewise, documents not properly authenticated may not be considered by the court. Gen. Motors Acceptance Corp. v. Hollanshead (1995),105 Ohio App.3d 17. Because, in the present case, appellant failed to submit any properly authenticated evidence to demonstrate that appellee's allegedly improper actions proximately caused her damage, the trial court was required to enter judgment against appellant.
 {¶ 13} Notwithstanding, even if we were to consider appellant's improperly authenticated evidence, we find appellant still failed to demonstrate appellee's actions proximately caused damage to her. Appellant attached a copy of a loan for an automobile, claiming that the interest rate she had to pay for that loan was higher than the original loan for which she was rejected. However, appellant fails to present any evidence of the prior loan for which she claims she was rejected. More importantly, she cannot demonstrate that she was rejected for the lower interest rate because of appellee's actions. For these reasons, we find appellant has failed to sustain her burden under Civ.R. 56(C), and, thus, there remain no genuine issues of material fact. Therefore, summary judgment was properly granted, and appellant's third assignment of error is overruled.
 {¶ 14} Accordingly, appellant's first and third assignments of error are overruled, and appellant's second and fourth assignments of error are moot. The judgment of the Franklin County Municipal Court is affirmed.
Judgment affirmed.
KLATT and McGRATH, JJ., concur.