[Cite as *Epstein v. Louis*, 2012-Ohio-274.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97071**

## ANN EPSTEIN

PLAINTIFF-APPELLANT

vs.

## MARTIN LOUIS, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-748900

**BEFORE:** Cooney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEY FOR APPELLANT**

Konrad Kircher
Kircher, Arnold & Dame, LLC
4824 Sociallville-Foster Road
Suite 101
Mason, Ohio 45040

**ATTORNEYS FOR APPELLEE CLEVELAND CATHOLIC DIOCESE**

Robert P. Ducatman
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114

COLLEEN CONWAY COONEY, J.:

**{¶ 1}** This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Plaintiff-appellant, Ann Epstein ("Epstein"), appeals the trial court's denial of her motion for relief from judgment. We find no merit to the appeal and affirm.

**{¶ 2}** On February 18, 2011, Epstein filed a complaint alleging that she had been sexually abused as a child by Martin Louis ("Louis"), a priest of the Catholic Diocese of Cleveland ("the Diocese"). She named both Louis and the Diocese as defendants. On

April 1, 2011, the Diocese filed a motion to dismiss and served Epstein's counsel, Konrad Kircher ("Kircher"), with a copy of the motion by regular mail. However, on the morning of April 2, 2011, Kircher went out of town on a family vacation and returned to his office on Monday, April 11, 2011. Upon returning to his office, Kircher found the motion to dismiss, obtained a stipulation from the Diocese to extend the time to respond to the motion, and mailed the stipulation to the court on April 13, 2011. The clerk's office received the stipulation and filed it on April 19, 2011.

{¶ 3} In the meantime, on April 15, 2011, the court granted the motion to dismiss without explanation. On April 26, 2011, Epstein filed a motion for relief from judgment pursuant to Civ.R. 60(A) and (B). The court denied the motion and this appeal followed.

{¶ 4} In her sole assignment of error, Epstein argues the trial court abused its discretion in denying her motion for relief from judgment when the circumstances indicated that the parties had stipulated to an extension of time for Epstein to respond to the Diocese's motion to dismiss and the court ruled on the motion before the stipulation was filed. She contends she was entitled to relief under Civ.R. 60(A) and (B).

{¶ 5} We review the trial court's ruling on a motion for relief from judgment pursuant to Civ.R. 60(B) for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 6} Epstein claims she is entitled to relief under Civ.R. 60(A) because the ruling on the motion to dismiss was a "clerical error" because the parties had stipulated to an extension of the response deadline. Civ.R. 60(A) states, in pertinent part, that:

> "Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. * * * "

{¶ 7} Within the context of Civ.R. 60(A), a "clerical mistake" is "a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision or judgment by an attorney." *Paris v. Georgetown Homes, Inc.*, 113 Ohio App.3d 501, 503, 681 N.E.2d 475 (9th Dist. 1996), quoting *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E.2d 1079 (8th Dist. 1985).

{¶ 8} The trial court granted the Diocese's motion to dismiss as unopposed. The trial court's conclusion that the motion was unopposed because the brief in opposition was not timely filed is not a clerical error because the determination of timeliness requires a decision by a judge. *Martin v. Hatfield,* 10th Dist. No. 03AP-182, 2003-Ohio-4508, ¶ 8. Therefore, Epstein was not entitled to relief from judgment under Civ.R. 60(A).

{¶ 9} Moreover, the trial court has an inherent right to control its own docket. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Parties cannot unilaterally extend deadlines without consent of the court. Civ.R. 6 states that the court has discretion to extend deadlines or to refuse to extend deadlines. Loc.R. 11(C) requires

each party opposing a motion to file a reply within seven days. Therefore, the court properly struck the parties' stipulation of extension of time "as a legal nullity."

{¶ 10} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion is properly overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 11} To meet the first requirement of Civ.R. 60(B), a movant's burden is only to allege a meritorious claim, not to prevail on the merits of the claim. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988); *Colley v. Bazell*, 64 Ohio St.2d 243, 247, 416 N.E.2d 605 (1980), fn. 3. Likewise, a movant is not required to submit evidentiary material satisfying Civ.R. 56 standards in support of the Civ.R. 60(B) motion, but the movant must do more than make bare allegations of entitlement to relief. *Rose Chevrolet* at 20.

{¶ 12} Epstein argues that her motion for relief from judgment should have been granted because cases should be heard on the merits rather than decided on technicalities. We agree that Civ.R. 60(B) is a remedial rule based on the premise that cases should be resolved on their merits whenever possible. *Beach Body Tanning, Inc. v. Kovach*, 8th

Dist. No. 85142, 2005-Ohio-5994, ¶ 14. However, Epstein fails to present any of the merits of her claim. In its motion to dismiss, the Diocese argued that Epstein's claim is barred by the statute of limitations. Epstein offered no reason to suggest that the statute of limitations had not expired. Indeed she never even mentioned the statute of limitations in her motion. Having failed to make any attempt to allege a meritorious claim to justify relief from judgment, Epstein failed to establish the first prong of the *GTE* test, and the trial court properly denied her motion.

{¶ 13} Accordingly, we overrule the sole assignment of error.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCURS (WITH SEPARATE CONCURRING OPINION ATTACHED).

KENNETH A. ROCCO, J., CONCURRING WITH SEPARATE OPINION:

{¶ 14} I concur with separate opinion because I believe it would have been a better practice for the trial court to have decided this case on the statute of limitations issue, since such issue was raised in appellees' motion to dismiss.